IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
THOMAS GORDON, individually :
and on behalf of others similarly :
situated, :
             Plaintiff,   :     Civil No. 13-3142 (RBK/AMD)
:
         v.   :     **OPINION**
:
MAZDA MOTOR CORPORATION and :
MAZDA NORTH AMERICAN :
OPERATIONS, :
             Defendants. :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Defendant") to dismiss the complaint of Plaintiff Thomas Gordon ("Plaintiff") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint is a putative class action alleging a violation of New Jersey's Truth in Contract Consumer Warranty and Notice Act, N.J.S.A. 56:8-1, et seq. ("TCCWNA"). For the reasons expressed below, the Court will grant the motion to dismiss.

**I.    BACKGROUND**

Plaintiff alleges that in October, 2008, he purchased a 2008 Mazda CX-9 from a Mazda dealership in Turnersville, New Jersey. Compl. ¶¶ 1, 12-13. Defendant, through the dealer, provided Plaintiff with the following notice at the time of the purchase:

> "IMPORTANT: If this vehicle is defective, you may be entitled under New Jersey law to a refund of the purchase price or your lease payments. For complete

information regarding your rights and remedies under the relevant law, please
contact the New Jersey Department of Law and Public Safety, Division of
Consumer Affairs, Lemon Law Unit, at 1100 Raymond Boulevard, Newark, New
Jersey, 07102, telephone number: (973) 504-6226."

In order to seek these remedies, you must first give written notice to MAZDA, by
certified mail, of the nonconforming condition, at the following address and
provide MAZDA with a final opportunity to repair it.

MAZDA NORTH AMERICAN OPERATIONS
CONSUMER COMPLIANCE
7755 IRVINE CENTER DRIVE
IRVINE, CA 92618-2922
1-800-222-5500

Compl. Ex. A.

Such notice is required by New Jersey's Lemon Law, which states:

At the time of purchase in the State of New Jersey, the manufacturer . . . shall
provide directly to the consumer a written statement prescribed by the [Director of
the Division of Consumer Affairs], presented in a conspicuous and
understandable manner on a separate piece of paper and printed in both the
English and Spanish languages, which provides information concerning a
consumer's rights and remedies under [the Lemon Law], and shall include, but
not be limited to, a summary of the provisions of . . . (1) [N.J.S.A.] 56:12-31 . . . .

N.J.S.A. 56:12-34(a).

N.J.S.A. 56:12-31, in turn provides, in relevant part,

If a consumer reports a nonconformity in a motor vehicle to the manufacturer . . .
during the first 24,000 miles of operation or during the period of two years
following the date of original delivery to the consumer, whichever is earlier, the
manufacturer . . . shall make, or arrange with its dealer or distributor to make,
within a reasonable time, all repairs necessary to correct the nonconformity.

N.J.S.A. 56:12-31.

The complaint does not allege any defects related to Plaintiff's Mazda CX-9. Nor does it

allege that he read or relied upon the notice provided to him at the time of his vehicle purchase.

More than four-and-a-half years after Gordon received the notice, he filed this lawsuit,

alleging that the notice violates the TCCNWA. He alleges that the notice misstates the New

Jersey Lemon Law because it states that the consumer must give "written notice" to Mazda "by certified mail," of the problem with the car. For this asserted violation, Plaintiff seeks the statutory civil penalty of $100, reasonable attorney's fees and court costs. Compl. ¶ 61.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III. DISCUSSION

As previously stated, Plaintiff's complaint asserts a violation of the TCCWNA. The statute provides, in relevant part:

> No seller . . . shall in the course of his business . . . give . . . any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller . . . as established by State or Federal law at the time . . . the warranty, notice or sign is given or displayed.

N.J.S.A. 56:12-15.

Plaintiff contends that the notice he received erroneously adds an additional prerequisite to pursuing Lemon Law remedies, namely that he must notify Mazda by certified mail of a problem with his car before pursuing a remedy under the Lemon Law. He contends that neither the Lemon Law, nor the relevant state regulations, require that a consumer notify the manufacturer by certified mail, and therefore the notice violates his "clearly established legal right" under the Lemon Law, in violation of the TCCWNA.

Defendant advances two arguments for dismissal of the complaint. First, Mazda argues that it is a "manufacturer" as defined by the TCCWNA, and is not a "seller" subject to liability under N.J.S.A. 56:12-15. Second, Defendant argues that the complaint should be dismissed because its notice was proper and thus Plaintiff has not demonstrated that it violated a "clearly established legal right."

The Court finds that Plaintiff has not demonstrated the violation of any of his clearly established legal rights. The New Jersey Lemon Law states that a consumer must "report" a nonconformity before a manufacturer's statutory obligation to fix the problem is triggered.

4

N.J.S.A. 56:12-31. A simple and reliable way to "report" a problem to Mazda is to send a letter via certified mail.

New Jersey's Lemon Law statute recognizes three forums to resolve a dispute between a consumer and a manufacturer. The three forums are (1) an informal dispute resolution procedure established by the manufacturer, (2) an administrative hearing under the jurisdiction of the Office of Administrative Law, and (3) an action in the Superior Court. See DiVigenze v. Chrysler Corp., 345 N.J. Super. 314, 324-25 (App. Div. 2001).

Sending a letter via certified mail is required if a consumer wishes to pursue a Lemon Law claim in the administrative hearing forum. The New Jersey Administrative Code indicates that "[w]ritten notification of the potential claim shall be sent certified mail . . . to the manufacturer" before a claim may be initiated with the Division of Consumer Affairs Lemon Law Unit. N.J.A.C. 13:45A-26.5. Such notification is also exactly what the New Jersey Division of Consumer Affairs advises consumers to do before pursuing a Lemon Law claim through an administrative hearing. Page one of the Division's "New Car Lemon Law" consumer brief reads:

> **WHAT YOU MUST DO**
>
> Before you can file a claim under the New Car Lemon Law with the Division of Consumer Affairs, you must give the manufacturer one final chance to repair the defect. A letter to the manufacturer (not the dealer) must be sent by certified mail, return receipt requested, stating that you may have a claim and that you are giving the manufacturer one last chance to repair the defect.

New Jersey Division of Consumer Affairs, "New Car Lemon Law: Your Road to Relief," available at http://www.njconsumeraffairs.gov/brief/lemon.pdf (last visited January 10, 2014).

While it is true that the statute does not require written notice by certified mail prior to filing a complaint in Superior Court (as opposed to an administrative claim), see DiVigenze, 345 N.J. Super. at 314 (holding that the administrative regulation requiring prior notice via certified

mail only applies to administrative claims, not Superior Court actions), the notice does not violate Gillette's clearly established right by failing to make this distinction.

Advising a manufacturer of nonconformities via certified mail opens all of a consumer's avenues to relief. It gives the consumer the opportunity to take advantage of the administrative process while doing nothing to impair a consumer's option to file a suit in Superior Court instead. Indeed, the DiVigenze court expressly stated, "[w]hile we find no bar to plaintiff's [Superior Court] suit, we nevertheless assume that in most cases, as a matter of sound practice, it will behoove a consumer contemplating a potential Lemon Law claim to send the last chance letter and allow the manufacturer a final opportunity to repair any nonconformity." 345 N.J. Super. at 329 n.9.[1]

The notice did not violate Plaintiff's clearly established legal rights under the Lemon Law, therefore his TCCWNA claim fails as a matter of law. Because the Court finds that Plaintiff has not demonstrated such a violation, it is not necessary to address Defendant's argument that it is not a "seller" under the TCCWNA.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be **GRANTED**. An appropriate order shall enter.


Dated: 01/13/2014                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

---

[1] The Court observes that a lawsuit in this District involving almost identical allegations against Toyota Motor Sales was recently dismissed by Judge Irenas. See Gillette v. Toyota Motor Sales, U.S.A., Civ. No. 13-3191, 2013 WL 5944096 (D.N.J. Nov. 7, 2013). Because the Court agrees with the reasoning of Judge Irenas, this Opinion closely tracks the rationale for dismissal in that case.